## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lillian K. Detwiler, | : | |
| Petitioner | : | |
| | : | No. 349 C.D. 2025 |
| v. | : | |
| | : | Submitted: June 16, 2026 |
| Unemployment Compensation Board of | : | |
| Review, | : | |
| Respondent | : | |

BEFORE:   HONORABLE LORI A. DUMAS, Judge
               HONORABLE STELLA M. TSAI, Judge
               HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## _OPINION NOT REPORTED_

**MEMORANDUM OPINION BY
JUDGE DUMAS**                                **FILED: July 16, 2026**

Lillian K. Detwiler (Claimant), *pro se*, has petitioned this Court to review an adjudication of the Unemployment Compensation Board of Review (Board), which affirmed the Referee's dismissal of her appeal as untimely under Section 501(e) of the Unemployment Compensation Law (UC Law).[1] Claimant contends that she was misled about her appellate rights and, therefore, seeks *nunc pro tunc* relief. Upon review, we agree with the Board that Claimant failed to establish her entitlement to such relief. Thus, we affirm.

## I. BACKGROUND[2]

Claimant filed for UC benefits, and on the application, she selected

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] Except as stated otherwise, we adopt this background from the Board's Order and the Referee's decision, which was adopted by the Board, and which is supported by substantial evidence of record. *See* Bd.'s Order, 2/7/25; Referee's Decision, 12/17/24.

internal messaging with email notification as her preferred method of communication. On May 29, 2024, the UC Service Center issued a determination that Claimant did not qualify for benefits. Additionally, on that same date, it issued a non-fault overpayment determination.[3] The determination was sent via email to Claimant's primary email address, and there was no indication that the email was returned as undeliverable. The determination advised Claimant that the final day to appeal was June 19, 2024. On September 24, 2024, approximately three months after the deadline, Claimant filed an appeal.

The Referee scheduled a hearing and identified multiple issues, including whether Claimant had timely appealed from the initial determination. Notice of Hr'g 12/3/24, at 1. At the hearing, Claimant acknowledged that she: (1) selected internal message with e-mail notification as the preferred method to receive notifications from the Department; and (2) provided her general email address. Hr'g Tr., 12/17/24, at 4. Additionally, Claimant testified that despite checking her email a couple times per week, she "wasn't paying attention to the portal emails" and was not made aware of the determination until months later when subsequent emails prompted her to appeal. *Id.* at 3-5.

Finding that the UC Service Center had properly informed Claimant of the appeal deadline and that she was neither misled nor misinformed about her appeal rights, the Referee dismissed her appeal as untimely. Claimant timely appealed to the Board, which adopted and incorporated the Referee's findings and conclusion as its own, with one clarification.[4] The Board specifically found no good

---

[3] Claimant received approximately $8,467 in non-fault overpayment. Notice of Determination Non-Fault UC Overpayment Determination, 5/29/24.

[4] "3. The determination was sent to the claimant via internal messaging with email notification on May 29, 2024. There is no indication that the email was returned as undeliverable." Bd. Op., 2/7/25, at 1.

cause for Claimant's untimely appeal. Subsequently, Claimant appealed to this Court.

## II. ISSUE

Claimant raises three issues, which we have reordered for ease of analysis. *See* Pet'r's Br. at 5, 10-11. First, Claimant challenges the Board's decision to dismiss her appeal as untimely. *See id.* at 10-11. Second, Claimant asserts that she was eligible for benefits. *See id.* Finally, according to Claimant, the Board did not adequately consider whether Claimant was "self-employed" or engaged in a "sideline business" for UC filing purposes. *See id.*

## III. DISCUSSION[5]

Claimant disputes the untimeliness of her appeal to the Referee. *See generally id.* Essentially, Claimant seeks *nunc pro tunc* relief, suggesting that she was misled by a Department representative. *See generally id.* Claimant asserts that this issue arose from a misunderstanding with her UC filing because she had submitted that she was "self-employed" instead of running a "sideline business." *See id.* at 6-7. Per Claimant, she was told by a UC representative that she did not need to continue filing because she was making more than could be claimed. *Id.* at 7. Therefore, she felt no need to log into the UC website, which left her unaware of the May 29, 2024 notification. *See id.*

Under Section 501(e) of the UC Law, a determination issued by the local UC Service Center can be appealed no later than 21 days after the

---

[5] This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Rivera v. Unemployment Comp. Bd. of Rev.*, 310 A.3d 348, 352 n.4 (Pa. Cmwlth. 2024). In UC cases, the Board is the ultimate factfinder and resolves issues of credibility and conflicting evidence. *Id.* We are bound by those findings, provided they are supported by substantial evidence. *Id.*

"Determination Date provided on such notice." 43 P.S. § 821(e). Because this rule is jurisdictional, failure to file within the 21-day appeal period constitutes a defect that warrants dismissal and precludes consideration of the merits. *Logan v. Unemployment Comp. Bd. of Rev.*, 334 A.3d 91, 95-96 (Pa. Cmwlth. 2025); *see also McKnight v. Unemployment Comp. Bd. of Rev.*, 99 A.3d 946, 949 (Pa. Cmwlth. 2014).

Here, Claimant untimely appealed to the Referee several months after the Service Center had given notice of its determination. *See* Claimant's Appeal from Determination, 9/24/24; *see also* Hr'g Tr., 12/17/24, at 3-5 (acknowledging that she selected e-mail notification as her preferred method to receive notifications from the Department and that she ignored her emails); *see also id.* (acknowledging that she submitted an appeal in September). Therefore, Claimant's appeal was patently untimely. *See* Section 501(e) of the UC Law, 43 P.S. § 821(e); *see also Logan*, 334 A.3d at 95-96 (holding that claimant's appeal was untimely because it was 30 days late); *Laubach v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1227 C.D. 2023, filed May 16, 2025), slip op. at 1, 2025 WL 1419837, *2-3 (holding claimant's appeal was "patently untimely" because it was submitted "more than three months after the deadline").[6]

In extraordinary circumstances, an untimely appeal may be considered *nunc pro tunc*. *Barsky v. Unemployment Comp. Bd. of Rev.*, 261 A.3d 1112, 1120 (Pa. Cmwlth. 2021). However, "it is well settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal and the burden is a heavy one." *Id.* at 1119-20. To satisfy this burden, the claimant must establish circumstances involving (1) fraud or a breakdown in the administrative

---

[6] We may rely on unreported decisions of this Court for their persuasive value. *See* Pa.R.A.P. 126(b).

authority's operations; (2) non-negligent conduct by her attorney or her attorney's staff; or (3) non-negligent conduct of the claimant that was beyond her control. *Id.* at 1119. An administrative breakdown occurs when an administrative board "unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008). Nevertheless, "ignorance of the law does not excuse a party to an action from her statutory obligation to file an appeal within the prescribed appeal period." *Finney v. Unemployment Comp. Bd. of Rev.*, 472 A.2d 752, 753-54 (Pa. Cmwlth. 1983) (affirming that petitioner was not entitled to an appeal *nunc pro tunc* based on the fact that he did not understand the proper procedure for an appeal); *see also Michelle Grey-Cannon v. Unemployment Comp. Bd. of Rev.* (Pa. Cmwlth., No. 1664 C.D. 2024, filed April 15, 2026), slip op. at 1, 2026 WL 1165244 (affirming that the claimant's own negligence was insufficient to excuse her failure to appear to a hearing; reinforcing that receiving but ignoring an email notification because of an erroneous assumption does not constitute a breakdown in the administrative process or non-negligent conduct); *see also id.* ("[C]laimant admitted that she received the online notification but chose not to read it because she assumed it was something relating to taxes or something else.").

We discern no breakdown in this case. In her testimony to the Referee, Claimant asserted that she had been misled and misinformed by a UC Department representative. Hr'g Tr., 12/17/24, at 4, 10-11. However, during the Referee hearing, Claimant conceded to ignoring her "general email." *Id.* at 3-5. The determination was sent to her by email on May 29, 2024, and there was no indication that the email was returned as undeliverable. *Id.* at 4. Claimant also conceded that she became aware of the May 29, 2024 email because of subsequent related emails. *See id.* Even if Claimant was misled or confused by the advice she received from

5

the Department representative, Claimant offered no reasonable explanation as to why she neglected her general email. *See Michelle Grey-Cannon*, 2026 WL 1165244, at *1 (affirming the idea that acknowledging receipt but ignoring an email notification does not constitute a breakdown in the administrative process or non-negligent conduct). Therefore, based on the lack of evidence supporting her assertion of being misinformed, we defer to the Board's decision not to credit Claimant's explanation.[7] Bd.'s Order (adopting the Referee's findings); Referee's Decision F.F. No. 6 ("The claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.").

## IV. CONCLUSION

Claimant did not appeal within 21 days of the determination; therefore, her appeal was untimely. Section 501(e) of the UC Law, 43 P.S. § 821(e). Further, based on the record, Claimant failed to establish that she is entitled to *nunc pro tunc* relief. *See Barsky*, 261 A.3d at 1120. Accordingly, we affirm the Board.

**LORI A. DUMAS, Judge**

---

[7] This Court will not address the merits regarding the non-fault overpayment determination due to the untimely appeal. *See Logan*, 334 A.3d at 95-96.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lillian K. Detwiler, :
                Petitioner :
                 : No. 349 C.D. 2025
              v. :
                 :
Unemployment Compensation Board of :
Review, :
              Respondent :

## **O R D E R**

AND NOW, this 16th day of July, 2026, the order of the Unemployment Compensation Board of Review, entered February 7, 2025, is AFFIRMED.

**LORI A. DUMAS, Judge**